# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO BENNETT,<br><br>          Plaintiff,<br><br>     v.<br><br>PALARES, et al.,<br><br>          Defendants. | Case No.: 1:24-cv-00591-JLT-BAM (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM**<br><br>(ECF No. 23.)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Mario Bennett ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. Plaintiff filed a complaint and then filed a first amended complaint. (ECF No. 13.) Before the Court could screen the first amended complaint, Plaintiff lodged a second amended complaint. (ECF No. 16.) The Court granted Plaintiff leave to file the second amended complaint and then screened the second amended complaint. Following screening, Plaintiff was granted leave to file a third amended complaint, which is now before the Court for screening. (ECF NO. 23.)

**I.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently incarcerated at California State Prison at Sacramento, California. Plaintiff names as defendants:[1] (1) Parales, correctional officer (2) Warden, (3) Captain Supervisor, (4) Sgt Supervisor, and (5) Lt. Supervisor. Plaintiff alleges as follows.

In claim 1, Plaintiff alleges a violation of the Eighth, Fourth, and Fourteenth Amendments for right to privacy, and "deliberately inference." Plaintiff alleges:

> C/O Parales 3rd watch Defendants violated my Eighth Amendment to U.S. Constitutional Fourth Amendment right to privacy deliberately indifferent by PREA me and sexual harassment. I'm transgender female. Warden didn't protect me from

---

[1] Plaintiff alleges that each defendant is employed at Mule Creek State Prison, which would place the proper venue of this case in the Sacramento Division of the Eastern District of California. However, the Court has reviewed attachments to both the second and third amended complaints, and concludes that the events arose while Plaintiff was housed at Kern Valley State Prison. See ECF No. 23, p. 7 (claimant grievance receipt acknowledgement from the "Office of Grievance of Kern Valley State Prison."); p. 8 (Plaintiff's handwritten grievance wherein Plaintiff notes the events occurred at Kern Valley State Prison). Indeed, the second amended complaint (ECF No. 20) alleged that each of the defendants were employed at and the events in this action arose at "Kern Valley State Prison." Also attached to the second amended complaint was the Office of Appeals Decision which identified Plaintiff's grievance arising while Plaintiff was confined at Kern Valley State Prison. See ECF No. 20, p. 12. Accordingly, venue is proper in the Fresno Division.

harm or my rights from being violated.  Captain as being supervisor didn't protect me from harm or my rights from being violated.  Lt. as being supervisor didn't protect me from harm or my rights from being violated. Sgt didn't protect me from harm or my rights from being violated. Mental and emotional injury for mental or emotional injury suffered while in custody the commission of a sexual act.  Right to be free from discrimination prison officials cannot treat you differently because of race or gender sexual harassment and verbal abuse by guards. Seventh Circuit found that prison officials who made lewd sexual comments and gestures called plaintiff a punk, fag, sissy and queer may have violated the Eighth Amendment because conduct caused the plaintiff severe psychological harm  Retaliation violated by first amendment mail tampering losing property for filing lawsuits. (corrected for spelling.)

In claim 2, Plaintiff alleges Eighth Amendment and Fourth Amendment violations. Plaintiff alleges as follows, which are the same allegations as claim 1:

C/O Parales 3rd watch defendants violated my Eighth Amendment to U.S Constitutional Fourth Amendment right to privacy deliberately indifferent by PREA me and sexual harassment.  I'm transgender female. Warden didn't protect me from harm or my rights from being violated.  Captain as being supervisor didn't protect me from harm or my rights from being violated.  Lt. as being supervisor didn't protect me from harm or my rights from being violated. Mental and emotional injury for mental or emotional injury suffered while in custody the commission of a sexual act. Right to be free from discrimination prison officials cannot treat you differently because of race or gender sexual harassment and verbal abuse by guards.  Seventh Circuit found that prison officials who made lewd sexual comments and gestures called plaintiff a punk, fag, sissy and queer may have violated the Eighth Amendment because conduct caused the plaintiff severe psychological harm.  Retaliation violated my first amendment mail tampering losing property for filing lawsuits. (corrected for spelling.)

  As remedies, Plaintiff seeks declaratory judgment that the defendants' actions violated her rights, and compensatory and punitive damages.

**III.    Discussion**

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim under 42 U.S.C. § 1983.  Despite being provided with the relevant pleading and legal standard, Plaintiff has been unable to state a cognizable claim.

**Federal Rule of Civil Procedure 8**

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim

showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Here, Plaintiff's complaint is short, but it is not a plain statement of her claims showing that she is entitled to relief. Plaintiff's allegations are conclusory and do not state what happened, when it happened, or who was involved. The allegations in the third amended complaint include fewer factual allegations of what happened than were included in the second amended complaint. General and conclusory assertions regarding the failure of defendants to protect her are not sufficient. As Plaintiff was previously informed, Plaintiff's amended complaint should be a short and plain statement of her claims, and must include factual allegations identifying what happened, when it happened and who was involved. Fed. R. Civ. P. 8. Plaintiff has failed to cure this deficiency. And, "[t]he Court will not comb through attached exhibits seeking to determine whether a claim possibly could have been stated where the pleading itself does not state a claim. In short, [Plaintiff] must state a claim, not merely attach exhibits." *Johnson v. Nugent*, No. 1:24-CV-949-JLT-BAM (PC), 2025 WL 73061, at *2 (E.D. Cal. Jan. 10, 2025).

**Supervisory Liability**

Insofar as Plaintiff is attempting to sue Defendant Warden, sergeant, lieutenant, or any other defendant, based solely upon his supervisory role, she may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045

(9th Cir. 1989*); accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Corales v. Bennett*, 567 F.3d at 570. Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Here, Plaintiff has failed to establish that Defendant Warden, or other supervisor, participated in or directed any constitutional violation or that he implemented a policy so deficient that it was the moving force of any constitutional violation. Plaintiff's allegations are conclusory that each supervisory defendant "failed to protect" Plaintiff from harm. Such conclusory allegations are insufficient to state a claim for supervisory liability.

**Sexual Harassment**

Plaintiff may be attempting to allege a claims for sexual harassment. "Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment." *Wood v. Beauclair*, 692 F.3d 1041, 1046 (9th Cir. 2012) (*citing Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000) ). "In the simplest and most absolute of terms ... prisoners [have a clearly established Eighth Amendment right] to be free from sexual abuse ...." *Schwenk*, 204 F.3d at 1197. "In evaluating a prisoner's claim, courts consider whether 'the officials act[ed] with a sufficiently culpable state of mind' and if the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." *Wood*, 692 F.3d at 1046. "[A] prisoner presents a

1  viable Eighth Amendment claim where he or she proves that a prison staff member, acting under
2  color of law and without legitimate penological justification, touched the prisoner in a sexual
3  manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification,
4  or for the purpose of humiliating, degrading, or demeaning the prisoner." *Bearchild v. Cobban*,
5  947 F.3d 1130, 1144 (9th Cir. 2020).

6  While "the Ninth Circuit has recognized that sexual harassment may constitute a
7  cognizable claim for an Eighth Amendment violation, the Court has specifically differentiated
8  between sexual harassment that involves verbal abuse and that which involves allegations of
9  physical assault, finding the lat[t]er to be in violation of the constitution." *Minifield v. Butikofer*,
10  298 F. Supp. 2d 900, 904 (N.D. Cal. 2004) (citation omitted).  Allegations of sexual harassment
11  that do not involve touching have routinely been found 'not sufficiently serious' to sustain an
12  Eighth Amendment claim. *Austin v. Terhune*, 367 F.3d 1167, 1172 (9th Cir. 2004) (upholding
13  dismissal of claim premised on allegations that correctional officer unzipped his pants and
14  exposed his penis to an inmate from inside control booth); *accord Somers v. Thurman*, 109 F.3d
15  at 624 ("To hold that gawking, pointing, and joking violates the prohibition against cruel and
16  unusual punishment would trivialize the objective component of the Eighth Amendment test and
17  render it absurd."); *Pryor v. San Francisco City & County.*, 2013 WL 12199455, at *8 (N.D. Cal.
18  Sept. 19, 2013) (verbal harassment of the plaintiff for being transgender, without more, does not
19  violate the Eighth Amendment).

20  Plaintiff's allegations of "verbal abuse" cannot state a claim for sexual harassment.

21  **Lack of Privacy**

22  There is not any authority of which the Court is aware, that the lack of in-cell privacy[2]
23  amounts to an objectively serious deprivation that implicates a prisoner's Eighth Amendment
24  rights. In the Fourth Amendment context, prisoners do not generally have a right to privacy in
25  cells because "it would be literally impossible to accomplish the prison objectives ... if inmates
26  retained a right of privacy in their cells." *Hudson v. Palmer*, 468 U.S. 517, 527 (1984); *Wilkins v.*

---

[2] Plaintiff's third amended complaint fails to state any facts regarding what happened to her.  Nonetheless, the grievance attached to the third amended complaint identifies that being watched while she "bird bathed" in her cell is the basis for her claims.  ECF No. 23, p. 8; see also ECF No. 21 (the Court's screening of the prior complaint).

6

*Macomber*, No. 2:16-CV-0475-TLN-DMC-P, 2023 WL 2529660, at *5 (E.D. Cal. Mar. 15, 2023) (finding no Eighth Amendment violation based on the fact that prisoner had "to expose his private body parts to his cellmate when he urinated, defecated, and/or bathe[d]").

**PREA and California regulations**

Plaintiff claims Defendants violated PREA[3] by allowing sexual harassment when she was in her cell. For a federal statute to be privately enforceable under Section 1983, it must create an individual right. *Blessing v. Freestone*, 520 U.S. 329, 340 (1997). All of the decisions of which the Court is aware have found PREA does not create a private right of action. *See Krieg v. Steele*, 599 Fed. Appx. 231 (5th Cir. 2013) (collecting cases holding PREA does not create a private right of action); *Blair v. Herrera-Salazar*, No. 3:19-cv-01261-DMS-KSC, 2019 WL 13448296, at *5 (S.D. Cal. 2019) (collecting cases); *Gonzalez v. Chriese*, No. 16-cv-00741-SI, 2016 WL 3231284, at *4 (N.D. Cal. 2016) (Illston, J.); *Hatcher v. Harrington*, No. 14–00554 JMS/KSC, 2015 WL 474313, at *5 (D. Hawai'i 2015) (collecting cases); *De'lonta v. Clarke*, No. 7:11–cv–00483, 2013 WL 209489, at * 3 (W.D. Va. 2013) (collecting cases). A review of the above decisions, and the absence of any contrary cases, persuades this Court PREA does not create a private right of action under Section 1983. See *Hatcher*, 2015 WL 474313, at *5 ("Congress enacted the PREA to address the problem of rape in prison by (1) creating a commission to study the issue and recommend national standards to prevent, detect, and respond to prison rape; (2) applying such national standards to state and federal agencies and departments that maintain prisons or detention facilities; and (3) conditioning eligibility for federal grant money on compliance with such standards."); *see also Seti v. Robertson*, No. 23-CV-00289-JSC, 2024 WL 1354434, at *2 (N.D. Cal. Mar. 29, 2024) (no right of privacy for failing to place privacy barriers around toilets inside cell).

Judges in this District have repeatedly held that PREA does not provide for a private right of action. *Crowder v. Diaz*, No. 2:17-cv-1657-TLN-DMC, 2019 WL 3892300, at *21 (E.D. Cal. Aug. 19, 2019), finding and recommendations adopted, 2019 WL 5566433 (E.D. Cal. Oct. 29, 2019) (citing *Peralta v. Swetella*, No. 1:18-cv-01023-DAD-EPG (PC), 2018 WL 6334723 (E.D.

---

[3] The 2003 Prison Rape Elimination Act ("PREA"), 34 U.S.C. §§ 30301 et seq.

1  Cal. Dec. 5, 2018)); *Faz v. N. Kern State Prison*, No. CV-F-11-0610-LJO-JLT, 2011 WL

2  4565918, at *5 (E.D. Cal. Sep. 28, 2011) (citing *Inscoe v. Yates*, No. 1:08-cv-001588 DLB PC,

3  2009 WL 3617810, at *3 (E.D. Cal. Oct. 27, 2009)); *Israel v. Newsome*, No. 2:22-cv-00005 DB

4  P, 2022 WL 3368454, at *3 (E.D. Cal. Aug. 16, 2022) (citing *Porter v. Jennings*, No. 1:10-cv-

5  01811-AWI-DLB PC, 2012 WL 1434986, at *1 (E.D. Cal. Apr. 25, 2012)). Plaintiff cannot state

6  a claim under the PREA. *Stevens v. Martinez*, No. 1:22-CV-00740 CDB PC, 2022 WL

7  17978278, at *4 (E.D. Cal. Dec. 28, 2022), report and recommendation adopted, No. 1:22-CV-

8  00740 ADA  CDBPC, 2023 WL 2143259 (E.D. Cal. Feb. 21, 2023), appeal dismissed, No. 23-

9  15321, 2023 WL 5674593 (9th Cir. June 28, 2023).

10      To the extent Plaintiff claims Defendants also violated provisions of the California

11  regulations, Plaintiff fails to state a claim. Section 1983 does not impose liability for violations

12  state law. *See DeShaney v. Winnebago Cnty. Dep't of Soc. Servs*., 489 U.S. 189, 201-03 (1989).

13  To the extent that any Defendant has not complied with applicable state statutes or prison

14  regulations, these deprivations do not support a claim under § 1983. Section 1983 only provides a

15  cause of action for the deprivation of federally protected rights. *See*, *e.g*., *Nible v. Fink*, 828 Fed.

16  Appx. 463 (9th Cir. 2020) (violations of Title 15 of the California Code of Regulations do not

17  create private right of action); *Sutton v. Altamirano*, No. 1:23-CV-1633-BAM (PC), 2024 WL

18  3413265, at *3 (E.D. Cal. July 15, 2024), report and recommendation adopted, No. 1:23-CV-

19  01633-KES-BAM (PC), 2024 WL 3937488 (E.D. Cal. Aug. 26, 2024).

20      **Fourteenth Amendment – Property Deprivation**

21      Despite being informed Plaintiff may not change the nature of this suit by adding new,

22  unrelated claims in the amended complaint (ECF No. 21, p.11), Plaintiff has added a claim for

23  deprivation of property.   Insofar as Plaintiff also alleges that any Defendant wrongfully took her

24  property, these allegations also are not sufficient to support a cognizable claim.  Prisoners have a

25  protected interest in their personal property. *Hansen v. May,* 502 F.2d 728, 730 (9th Cir. 1974).

26  An authorized, intentional deprivation of property is actionable under the Due Process Clause.

27  *See Hudson v. Palmer*, 468 U.S. 517, 532 n.13 (1984) (citing *Logan v. Zimmerman Brush Co.*,

28  455 U.S. 422, 435–36 (1982)); *Quick v. Jones,* 754 F.2d 1521, 1524 (9th Cir. 1985).  However,

"an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post deprivation remedy for the loss is available." *Hudson*, 468 U.S. at 533.

Plaintiff contends that officers took her property. As it appears that such conduct was an unauthorized deprivation of property, due process is satisfied if there is a meaningful post-deprivation remedy available to Plaintiff. *Id.* Plaintiff has an adequate post-deprivation remedy available under California law. *Barnett v. Centoni,* 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–95). Therefore, Plaintiff fails to allege a cognizable due process claim for the alleged deprivation of her property.

**Retaliation**

Despite being informed Plaintiff may not change the nature of this suit by adding new, unrelated claims in the amended complaint (ECF No. 21, p.11), Plaintiff has added a claim for retaliation. Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a 1983 claim. *Rizzo v. Dawson*, 778 F.2d 5527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). While Plaintiff alleges Plaintiff engaged in lawsuits, which was protected conduct, Plaintiff does not allege who took an adverse action that chilled Plaintiff's First Amendment rights, and that did not advance a legitimate correctional goal. In addition, the unrelated claim for retaliation was improperly added in violation of the Court's order.

**Unknown Defendants**

Plaintiff does not name certain defendants, which the Court construes as allegations of "Doe" defendants. "As a general rule, the use of 'John Doe' to identify a defendant is not

favored." *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that John Doe or Jane Doe defendants (i.e., unknown defendants) cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended her complaint to substitute names for John Doe or Jane Doe.

**Declaratory Relief**

To the extent Plaintiff's complaint seeks a declaratory judgment, it is unnecessary. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." *Eccles v. Peoples Bank of Lakewood Village*, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985). If this action reaches trial and the jury returns a verdict in favor of Plaintiff, then that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

## IV.    Conclusion and Recommendation

For the reasons discussed, the Court finds that Plaintiff's third amended complaint fails to state a cognizable claim for relief. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in her complaint. Further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page**

**number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **February 5, 2025**          /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE