UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO BENNETT,<br><br>             Plaintiff,<br><br>      v.<br><br>PALARES, et al.,<br><br>             Defendants. | Case No.: 1:24-cv-0591 JLT BAM<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING THE ACTION FOR FAILURE TO STATE A CLAIM, AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br><br>(Doc. 24) |

Mario Bennett, a transgender female, seeks to hold the defendants liable for violations of civil rights under the First, Eighth, and Fourteenth Amendments while housed at Kern Valley State Prison. (*See* Doc. 23 at 3-7.) The magistrate judge screened Plaintiff's third amended complaint pursuant to 28 U.S.C. § 1915A(a) and found Plaintiff failed to comply with Rule 8 of the Federal Rules of Civil Procedure and failed to state a cognizable claim. (Doc. 24.)

The magistrate judge observed, even while considering the attachments to the complaint that, "Plaintiff's allegations are conclusory and do not state what happened, when it happened, or who was involved." (Doc. 24 at 4.) The magistrate judge found Plaintiff's "[g]eneral and conclusory assertions regarding the failure of defendants to protect her are not sufficient." (*Id.*) The magistrate judge also determined the allegations were insufficient to state claims for sexual harassment, lack of privacy, deprivation of property, and retaliation. (*Id.* at 5-7, 8-9.) Finally, the magistrate judge found Plaintiff was unable to state claims for violations of the Prison Rape Elimination Act and state regulations. (*Id.*

1

at 7-8.) Because the Court previously informed Plaintiff of the applicable legal standards and she failed to cure the pleading deficiencies, the magistrate judge found "[f]urther leave to amend is not warranted." (*Id.* at 10.) Therefore, the magistrate judge recommended the Court dismiss the action "for failure to state a cognizable claim upon which relief may be granted." (*Id.*)

The Court served the Findings and Recommendations on Plaintiff and notified her that any objections were due within 14 days. (Doc. 24 at 10.) The Court advised Plaintiff that the "failure to file objections within the specified time may result in the waiver of the 'rights to challenge the magistrate judge's factual findings' on appeal." (*Id.*, quoting *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) Plaintiff did not file objections, and the time to do so passed.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations dated February 5, 2025 (Doc. 24) are **ADOPTED** in full.
2. The action is **DISMISSED** with prejudice for failure to state a claim.
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:    **March 5, 2025**

UNITED STATES DISTRICT JUDGE